**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| STEVEN STANEFF, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| vs. | § | |
| | § | |
| ONSITE HEALTH DIAGNOSTICS, LLC | § | |
| and JUSTIN SIMONS (an Individual), | § | **Jury Demanded** |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

Plaintiff Steven Staneff ("Staneff" or "Plaintiff") brings this action against Defendants Onsite Health Diagnositics, LLC ("OHD") and Justin Simons ("Simons") (hereinafter collectively referred to as "Defendants") and would show this Court as follows:

### I.    PARTIES

1.      Plaintiff Steven Staneff is an individual citizen of the state of Texas who resides in Flower Mound, Texas.  Mr. Staneff's consent to this action is attached as Exhibit A.

2.      Defendant Onsite Health Diagnostics, LLC is a Texas limited liability company with its principal place of business in Plano, Texas.  Staneff is listed as the registered agent in Texas for service of process.  As such, OHD may be served by serving the Texas Secretary of State.

3.      Defendant Justin Simons is an individual who resides in Heath, Texas.  Defendant Simons may be served by serving him at 7 Rockingham Court, Heath, Texas 75032 or wherever he may be found.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over this case because Plaintiff has asserted claims under federal law, specifically 29 U.S.C. § 201 *et seq*.  This Court has supplemental jurisdiction over Plaintiff's breach of contract claims under 28 U.S.C. § 1367 as the claims under the federal law and state law are so related they form part of the same case or controversy.

5.    Venue properly lies in this Court because Defendant Simons resides in the District and Division in which suit has been filed.

## III.    COVERAGE

6.    At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d).

7.    At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r).

8.    At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce as required by 29 U.S.C. §§ 206-207.

## IV.    FACTS

9.    Defendant OHD is a diagnostic health screening company founded by Staneff.

10.    In 2024, Simons' company, Sim-Metry Medical Group, LLC, purchased OHD from Staneff.

11.    In connection with the purchase of OHD, Simons decided and agreed to retain Staneff as OHD's President.  Staneff's semi-monthly salary was set at Five Thousand Five Hundred Thirty-Eight Dollars and 46/100 ($5,538.46).

12.    Defendants employed Staneff until February 7, 2024, when Staneff resigned from his employment due to non-payment of his salary.  Specifically, Defendants failed to pay Staneff salary for the following payrolls:

| Pay Period Ending | Salary Due |
|---|---|
| Sept. 27, 2024 | $5,538.46 |
| Oct. 11, 2024 | $5,538.46 |
| Oct. 25, 2024 | $5,538.46 |
| Nov. 8, 2024 | $5,538.46 |
| Dec. 6, 2024 | $5,538.46 |
| Dec. 20, 2024 | $5,538.46 |
| Jan. 3, 2025 | $5,538.46 |
| Jan. 17, 2025 | $5,538.46 |
| Jan. 31, 2025 | $5,538.46 |

13.    Throughout Staneff's employment with Defendants from October 2024 through February 2025, Defendants regularly failed to pay Staneff his salary.  In fact, Defendants only paid Staneff his salary for one pay period during that time.  During these periods in which Defendants failed to pay Staneff any wages, Staneff regularly worked in excess of forty (40) hours in a workweek.

14.    Staneff repeatedly complained to Simons about not receiving any compensation during the periods listed above.  Simons only responded that "owners eat last" or words to that effect.  Staneff, while a minority owner of Defendant OHD, only owns a ten percent (10%) interest in OHD, which does not satisfy the twenty percent (20%) minimum requirement for an employee-owner to be exempt from the salary requirements of the Fair Labor Standards Act.  *See* 29 CFR § 541.101.

## V.    CAUSES OF ACTION

### *Failure to Pay Minimum Wage in Accordance with the FLSA by Defendants OHD and Simons*

15.    Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

16.    During the relevant period, Defendants have violated the provisions of Section 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).

17.    Defendants failed to pay Staneff any wages during numerous workweeks in which Staneff engaged in commerce or Defendants engaged in commerce pursuant to 29 U.S.C. § 206. This failure constitutes a violation of the minimum wage requirements of the FLSA.

18.    Defendants' deliberate decision to not compensate Staneff for certain workweeks constitutes a willful violation of the FLSA.

### *Failure to Pay Overtime Wages in Accordance with the FLSA by Defendants OHD and Simons*

19.    Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

20.    During the relevant period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

21.    Defendants failed to pay Staneff any wages during numerous workweeks in which Staneff engaged in commerce or Defendants engaged in commerce pursuant to 29 U.S.C. § 207. During these workweeks in which Defendants failed to pay Staneff any wages, Staneff regularly worked in excess of forty (40) hours per workweek.  Defendants failed to pay Staneff time-and-a-half for all hours he worked in excess of forty (40) hours in a workweek.  Staneff was a non-

exempt employee during the workweeks Defendants failed to pay Staneff any wages because Defendants failed to pay Staneff the minimum salary requirements under the FLSA.

22.     Defendants' deliberate decision to not compensate Staneff for certain workweeks constitutes a willful violation of the FLSA.

### Breach of Contract by Defendant OHD

23.     Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 14 hereinabove.

24.     OHD breached its contract with Staneff by failing to perform its obligations under its employment contract with Staneff.  Specifically, OHD failed to pay Staneff all the monies owed under its agreement to employ Staneff including compensation for the work Staneff performed at the behest of OHD. The breach was material because OHD did not substantially perform a material obligation required under the contract.  Staneff's injuries were a natural, probable, and foreseeable consequence of OHD's breach.  As a result of OHD's breach, Staneff suffered damages and Staneff hereby sues.

## VI.    JURY TRIAL DEMAND

25.     Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

## VII.    RELIEF SOUGHT

26.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

> a.    For an Order awarding Plaintiff back wages Defendants failed to pay pursuant to their contract with Plaintiff;

b.      For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c.      For an Order awarding Plaintiff the costs of this action;

d.      For an Order awarding Plaintiff their attorneys' fees;

e.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM**
8080 North Central Expressway
Suite 1700
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(214) 443-7861 (Facsimile)

*Of Counsel:*

**THE LAMBERSON LAW FIRM PC**
6333 East Mockingbird Lane
Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By:    _____
Elizabeth Aten Lamberson, Lead Attorney
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

## EXHIBIT A

### *PLAINTIFF STEVEN STANEFF'S CONSENT TO FLSA ACTION*

I, Steven Staneff, hereby consent to be named as a party Plaintiff in the Original Complaint filed against Onsite Health Diagnostics, LLC and Justin Simons for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as outlined in the Original Complaint.

I have read, reviewed, and understand the Original Complaint, and I affirm that I have personal knowledge of the claims made therein. I wish to receive a monetary recovery.

In this action, I am represented by Michael E. Coles, of The Coles Firm P.C., 8080 North Central Expressway, Suite 1700, Dallas, Texas 75206, and Elizabeth Aten Lamberson, of The Lamberson Law Firm PC, 6333 E. Mockingbird Ln, Suite 147-524, Dallas, Texas 75214.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_____2/10/25_____
Date

_____Steven Staneff_____
Steven Staneff