UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN STANEFF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0353-B |
| | § | |
| ONSITE HEALTH DIAGNOSTICS, LLC, | § | |
| and JUSTIN SIMONS, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants Onsite Health Diagnostics, LLC ("OHD") and Justin Simons (collectively, "Defendants")'s Motion to Disqualify (Doc. 5). For the following reasons, Defendants' Motion is **GRANTED**.

## I.

## BACKGROUND

In this employment case, Plaintiff Steven Staneff sues OHD, the company he used to own. Staneff hired OHD's former general counsel as his attorney for this case. Staneff sold OHD to Simons's company in 2024. Doc. 1, Compl., ¶ 10. Simons then became OHD's CEO. Doc. 5-1, Ex. 1, 2.[1] Around the time of the sale, the Coles Firm served as OHD's general counsel. The Coles Firm advised Simons on cost saving measures, which included "compensation reductions and reductions in distributions to owners." *Id.* at 3. Simons relied on the Coles Firm's advice "in helping guide the company to financial stability including related to employment laws." *Id.* During Simons's

---

[1] The numbers following cites to Doc. 5-1 refer to ECF pagination.

conversations with the Coles Firm, Simons had his own counsel, Christian Dennie. Doc. 10, Ex. 3, 47.[2] After the sale, the Coles Firm no longer served as OHD's general counsel, but it continued to represent OHD in an Equal Employment Opportunity Commission ("EEOC") investigation that began before the sale. Doc. 10, Resp., 3.

Staneff continued working as OHD's president after the sale. Doc. 1, Compl., ¶ 11. Staneff received a semi-monthly salary. *Id.* But OHD failed to pay Staneff multiple paychecks from September 2024 to January 2025. *Id.* ¶ 12. Staneff alleges that OHD and Simons violated the Fair Labor Standards Act ("FLSA") for failing to pay him his salary and overtime wages. *Id.* ¶¶ 15–22. He also sues OHD for breach of contract. *Id.* ¶¶ 23–24.

Two attorneys represent Staneff in this lawsuit: Michael Coles of the Coles Firm and Elizabeth Lamberson of the Lamberson Law Firm PC. *See* Doc. 1, Compl., 6. Defendants filed a Motion to Disqualify, seeking to disqualify both Coles and Lamberson from representing Staneff here because of their prior representation of Defendants and because Coles will likely be a necessary witness. *See generally* Doc. 5, Mot. The Court considers the Motion below.

## II.

## LEGAL STANDARD

The Fifth Circuit is "sensitive to preventing conflicts of interest." *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009) (quoting *In re Am. Airlines* 972 F.2d 605, 611 (5th Cir. 1992)). The District Court must, therefore, "take measures against unethical conduct occurring in connection with any proceeding before it." *Id.* at 300 (quotation omitted). But "[d]epriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be

---

[2] The numbers following cites to Doc. 10 Exhibits refer to ECF pagination.

imposed without careful consideration." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1995). Therefore, courts "do not apply disqualification rules mechanically, but . . . consider all of the facts particular to the case in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *In re ProEducation*, 587 F.3d at 300 (quotations and alterations omitted).

Motions to disqualify are substantive in nature and are thus decided under federal law. *U.S. Fire Ins.*, 50 F.3d at 1312. "When considering motions to disqualify, courts should first look to the local rules promulgated by the local court itself," *In re ProEducation*, 587 F.3d at 299, although "[l]ocal rules are not the 'sole' authority governing motions to disqualify counsel." *U.S. Fire Ins. Co.*, 50 F.3d at 1312. For example, attorneys practicing in the Northern District of Texas are subject to the Texas Disciplinary Rules of Professional Conduct. *See* N.D. TEX. L.R. 83.8(e). Moreover, "[t]he Fifth Circuit has recognized the [American Bar Association ('ABA')] Model Rules of Professional Conduct . . . as the national standards to consider in reviewing motions to disqualify." *In re ProEducation*, 585 F.3d at 299. Therefore, the Court considers the Texas Disciplinary Rules and the Model Rules when deciding a motion to disqualify. *Id.*

### III.

### ANALYSIS

The Court **GRANTS** Defendants' Motion to Disqualify. But the Court will not award Defendants attorney's fees.

A.    *The Court Grants Defendants' Motion to Disqualify.*

The Court grants Defendants' Motion and disqualifies the Coles Firm and Lamberson[3] from representing Staneff in this lawsuit. ABA Model Rule 1.9 prohibits a lawyer from being adverse to a former client in a substantially related matter without the former client's consent. *See* Model Rules of Pro. Conduct r. 1.9 (Am. Bar Ass'n 2019). Texas Rule 1.09 prohibits "a lawyer who personally has formerly represented a client in a matter" from "thereafter represent[ing] another person in a matter adverse to the former client . . . if it is the same or substantially related matter" without the client's consent. Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a)(3). Therefore, "ABA Rule 1.9 is identical to Texas Rule 1.09 in all important respects." *Peterson v. Sw. Airlines Co.*, No. 3:21-CV-1311-B, 2022 WL 541781, at *2 (N.D. Tex. Feb. 23, 2022) (Boyle, J.) (quotation omitted).

"A party seeking to disqualify opposing counsel on the ground of a former representation must establish two elements: 1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and 2) a substantial relationship between the subject matter of the former and present representations." *In re Am. Airlines*, 972 F.2d at 614 (quotation omitted).

First, Defendants established an actual attorney-client relationship between Defendants and the Coles Firm. Second, the Coles Firm's representation of Defendants is substantially related to his representation of Staneff. Because the Court finds it must exclude the Coles Firm on these grounds, it need not decide whether Coles must be excluded as a necessary witness.

---

[3] Defendants argue that Elizabeth Lamberson, who has appeared in this case and lists her firm as "The Lamberson Law Firm PC," must also be excluded. Doc. 5, Mot., 10. Staneff does not dispute this in his Response. *See generally* Doc. 10, Resp. The Court finds Defendants established any disqualification of Coles applies equally to Lamberson. Lamberson represented OHD alongside the Coles Firm. *See* Doc. 9-1, Mot. Supp. Ex., 30–45, 47–51. And Coles acknowledged that he and Lamberson worked together. Doc. 5-1, Ex., 54. Because "the personal conflicts of one attorney are imputed to all other members of a firm," the Court finds it proper to disqualify Lamberson to the same extent it disqualifies the Coles Firm. *In re ProEducation*, 587 F.3d at 300 (citing TEX. R. PROF. CONDUCT Rule 1.09(b)).

      1.      <u>The Coles Firm had an Actual Attorney-Client Relationship with Defendants.</u>

First, the Coles Firm had an actual attorney-client relationship with OHD and Simons. The parties do not dispute that the Coles Firm had an actual attorney-client relationship with OHD. But Staneff argues the Coles Firm never had an attorney-client relationship with Simons. Doc. 10, Resp., 1. Accordingly, if the Court excludes the Coles Firm from representing OHD, Staneff requests the chance to determine whether he will pursue his claims against only Simons and thereby retain the Coles Firm. Because the Court finds the Coles Firm's relationship with OHD extended to Simons, the Coles Firm cannot represent Staneff in his claims against either party.

After a company changes ownership, the company's attorney-client relationship can pass to the new owners. *See John Crane Prod. Sols., Inc. v. R2R & D, LLC*, No. 3:11-CV-3237-D, 2012 WL 3453696, at *3–*4 (N.D. Tex. Aug. 14, 2012) (Fitzwater, C.J.). This is in part because "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985). New managers installed because of an acquisition "control the attorney-client privilege previously controlled by old management." *John Crane Prod.*, 2012 WL 3453696, at *3 (citing *Weintraub*, 471 U.S. at 349). The attorney-client privilege transfers if "the practical consequences of the transaction result in the transfer of control of the business and the continuation of the business under new management." *Id.* (internal quotations omitted). To determine whether the "practical consequences . . . result in the transfer of control," courts consider whether stock was sold and whether the buyer continues to sell the same products, keeps the same customers or employees, or uses the same patents and trademarks. *Id.*

Here, the attorney-client relationship between the Coles Firm and OHD passed to Simons when his company bought OHD because Simons gained control of OHD. *See John Crane Prod.*, 2012 WL 3453696, at *3. First, the company maintained the name "OHD" before and after the transaction. *See* Doc. 5-1, Ex. 1-B, 25 (indicating OHD filed a lawsuit prior to the transaction under the name "OHD"). Second, Simons's company "acquired ninety percent (90%) of the member interest in OHD," and after the acquisition, "new leadership took control of OHD." Doc. 5-1, Ex. 1, 2. Simons "became the sole entity manager of OHD and the [CEO]." *Id.* And the Coles Firm provided OHD "broad legal advice" to "help[] guide the company to financial stability" throughout the transaction. *Id.* Moreover, Staneff—OHD's prior owner—remained an employee of the company by serving as its president. *Id.* This is enough to find that there was a practical transfer of control, and OHD continued under new management. *See John Crane Prod.*, 2012 WL 3453696, at *3. Accordingly, OHD's attorney-client relationship with the Coles Firm passed to Simons as OHD's new "sole entity manager." Doc. 5-1, Ex. 1, 2.

Staneff argues that when the parties were negotiating the sale, Simons was represented by his counsel, Christian Dennie, Doc. 10, Ex. 3, 47, who was present for every conversation with Coles before the sale. *Id.*, Ex. 1, 11. And after the sale, Coles "never had a conversation with Mr. Simons" at all. But these facts do not change that OHD's control passed to Simons, so the Coles Firm's undisputed attorney-client relationship with OHD passed to Simons, too. *See John Crane Prod.*, 2012 WL 3453696, at *3.

### 2.    The Coles Firm's Representation of OHD Substantially Relates to this Dispute.

Defendants have shown that the Coles Firm's prior representation of OHD substantially relates to Staneff's claims here. "[T]he substantial relationship test is governed by an irrebuttable

presumption." *In re Am. Airlines*, 972 F.2d at 614. Thus, if "the prior matters are substantially related to the present case, the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation." *Id.* (quotation omitted).

But the test does not apply "in a mechanical way that might prevent an attorney from ever representing an interest adverse to that of a former client." *Id.* (quotation omitted). Instead, the moving party must "delineate[] with specificity the subject matters, issues, and causes of action presented in former representation" so the Court can engage in the "painstaking analysis of the facts and precise application of precedent." *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1029 (5th Cir. 1981). Only then "can the district court determine if the substantial relationship test has been met." *Id.* The moving party "bears the burden of proving that the present and prior representations are substantially related." *In re Am. Airlines*, 972 F.2d at 614. Once the moving party meets this burden, disqualification is categorically required. *Id.*

Defendants established a substantial relationship between the Coles Firm's prior representation of OHD and Staneff's claims here. Defendants specified the issues that the Coles Firm advised on when it represented OHD. *See Duncan*, 646 F.2d at 1029. In a signed declaration, Simons says the Coles Firm advised OHD on "compensation reductions and reductions in distributions to owners." Doc. 5-1, Ex. 1, 3. Coles Firm advised OHD on general employment matters like terminating OHD's workforce. *Id.* And Simons says OHD "relied on Mr. Coles' advice as the 'general counsel' of OHD in helping guide the company to financial stability including related to employment laws and associated rules." *Id.* Staneff alleges Defendants violated the FLSA by failing to pay him when he was a part-owner of the company because Simons told him that "owners eat last." Doc. 1, Compl ¶¶ 13–14. Accordingly, the Coles Firm's representation of OHD, which

included advice to reduce payments or distributions to its owners, substantially relates to this lawsuit. *See Maersk Tankers MR K/S v. M/T Swift Winchester*, 655 F. Supp. 3d 554, 563–64 (S.D. Tex. 2023) (finding a "textbook example of 'substantial relation'" and disqualifying a plaintiff's counsel from a suit regarding the detention of a vessel when counsel represented defendant in a case about the same detention).

Staneff's suit centers on how OHD compensated him as an employee and part-owner of OHD. *See* Doc. 1, Compl., ¶¶ 13–14. Because the Coles Firm advised OHD regarding employment law, employee compensation, and owner distribution, it would be privy to discoverable information here that the Coles Firm might have had in its earlier representation of OHD. *See Maersk Tankers*, 655 F. Supp. 3d at 564 (finding a substantial relation in part because counsel already had information plaintiff sought in discovery from counsel's prior representation of defendant); Doc. 5-1, Ex. 1, 3. Thus, the Court finds Defendants established a substantial relation between the Coles Firm's representation of OHD and Staneff's case.

Staneff argues that to show a substantial relation, "Defendants must show that Plaintiff's counsel's prior representation related to the decision to not pay current, active employees for workweeks that Defendants already suffered or permitted." Doc. 10, Resp., 2. While this could be one way for Defendants to show a substantial relation, it is not the only way. Defendants only need to show that the Coles Firm's prior representation involved subject matter that was "akin to the present action in a way reasonable persons would understand as important to the issues involved." *John Crane Prod.*, 2012 WL 3453696, at *2 (quotations omitted). As the Court discussed above, the Coles Firm advised OHD on how to reduce employee compensation and owner distribution, and

such reduction of payment to Staneff is the center of this lawsuit. This is enough to constitute a substantial relation. *See id.*

Staneff further argues the Coles Firm's "prior general representation of OHD ended at the close of the transaction" through which Staneff sold OHD to Simons in March 2024. Doc. 10, Resp., 3. OHD did not "regularly request[] legal services from" the Coles Firm after the sale. *Id.* And although Staneff concedes "OHD requested a limited engagement from [the Coles Firm] in connection with an EEOC complaint," he argues the case "predated Defendant Simons' acquisition of Defendant OHD and that is why Defendant OHD engaged Plaintiff's counsel." *Id.* Therefore, Staneff argues "Defendant OHD did not have a broad or general attorney-client relationship with [the Coles Firm] after [Simons] . . . assumed managerial authority over Defendant OHD." *Id.* at 4. Staneff argues that after a corporate acquisition, "new management often chooses not to retain prior counsel," and the Coles Firm's representation of Staneff "predates the existence of Defendant OHD." *Id.*

But the test is not whether Defendants continued to use the Coles Firm as its general counsel. Instead, it is whether the Coles Firm represented Defendants *in the past* and that representation substantially related to Staneff's claims. *See In re Am. Airlines*, 972 F.2d at 614. Thus, even if the Coles Firm no longer served as OHD's general counsel after the sale was complete, what matters is that the Coles Firm previously represented OHD, gave advice that is substantially related this lawsuit, and is now adverse to its former client.

Defendants established that the Coles Firm had an attorney-client relationship with them. Furthermore, the Court finds the Coles Firm's representation of Defendants substantially relates to Staneff's claims. Accordingly, the Court must disqualify the Coles Firm from this suit. *See In re Am.*

*Airlines*, 972 F.2d at 614. Because the Court finds it must disqualify the Coles Firm on these grounds, it need not determine whether Coles is a necessary witness.

B.    *The Court Does Not Grant Attorney's Fees.*

Defendants seek a sanction of attorney's fees and costs incurred to file their Motion. Doc. 5, Mot., 11. Defendants do not specify the grounds on which they seek sanctions. *See generally id.* But the Court can award attorney's fees using its inherent power or under various statutes. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991); 28 U.S.C. § 1927. Section 1972 allows the Court to require an attorney to pay for "excess costs, expenses, and attorneys' fees reasonably incurred" if the attorney "multiplies the proceedings . . . unreasonably and vexatiously." Similarly, the Court has inherent power to award attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46, (quotation omitted).

Here, the Court does not find the Coles Firm "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46, (quotation omitted). Neither did the Coles Firm unreasonably or vexatiously multiply the proceedings. *See* 28 U.S.C. § 1927. While the Court found it necessary to disqualify the Coles Firm, the Coles Firm's attempt to represent Staneff was not wholly unreasonable. The Coles Firm had a longstanding relationship with Staneff, including throughout Staneff's closely held ownership of OHD. *See* Doc. 10, Resp., 4. Because the Coles Firm's general representation of OHD ended after Simons bought OHD, and Simons had additional counsel present during his discussions with the Coles Firm, it was not entirely unreasonable for the Coles Firm to believe it proper to continue representing Staneff in litigation against OHD. Although the Court finds the Coles Firm's attempted representation of Staneff is improper, it does not find

it so unreasonable that it was in bad faith, vexatious, wanton, or oppressive. *See Chambers*, 501 U.S. at 45–46. Accordingly, the Court will not award attorney's fees.

IV.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Disqualify (Doc. 5). The Court granted a stay pending resolution of Defendants' Motion. *See* Doc. 8, Order. The case will remain **STAYED** for 30 days from the date of this Order to give Staneff time to retain new counsel. Counsel must file an appearance no later than 30 days from the date of this Order.

SO ORDERED.

SIGNED: July 10, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-11-